# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LESTER KNIGHTEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 13 C 7114 |
| v. ) | |
| ) | Judge John Z. Lee |
| UNITED STATES PAROLE ) | |
| COMMISSION, and UNITED STATES ) | |
| NAVY CLEMENCY AND PAROLE ) | |
| BOARD, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Lester Knighten ("Petitioner"), proceeding *pro se*, has filed a motion for a writ of mandamus seeking habeas relief under 28 U.S.C. § 2241. In 1996, Petitioner was convicted by court-martial. He is currently serving his sentence on parole, and he contends that the United States Parole Commission ("USPC") has improperly refused to terminate his term of parole early. Respondents the USPC and the Naval Clemency and Parole Board ("NCPB") have filed a motion to dismiss for lack of jurisdiction under 28 U.S.C. § 2241(a). For the reasons set forth herein, the Court finds that it does not have jurisdiction to consider Petitioner's request for habeas relief and *sua sponte* transfers this case to the United States District Court for the District of Columbia for further proceedings.

## Factual Background

In 1996, Petitioner Lester Knighten was convicted by the Navy General Court-Martial under the Uniform Code of Military Justice and sentenced to twenty years' imprisonment for the rape of a twelve-year-old minor and other crimes. *See* Mot. Writ of Mandamus at 2; Mem. Supp.

Defs.' Mot. Dismiss, Ex. C, Sentence Monitoring Computation Data. His conviction was later affirmed by the Navy-Marine Corps Court of Criminal of Appeals. *See* Mem. Supp. Defs.' Mot. Dismiss, Ex. B, Supplemental General Court-Martial Order No. 9-00. On December 4, 2006, after serving a period of incarceration, Petitioner was released on parole. Mot. Writ of Mandamus at 2. Petitioner's full term of parole will expire in 2016. Mem. Supp. Defs.' Mot. Dismiss, Ex. C. Petitioner, however, seeks early termination of his parole, and in 2011 requested that the USPC grant such early termination. Mot. Writ of Mandamus at 3. That request was denied. *Id.*

Now challenging the USPC's denial of his request for early termination, Petitioner has filed this motion for a writ of mandamus, through which he seeks relief under 28 U.S.C. § 2241, the federal habeas statute. He seeks alternative relief under the Administrative Procedure Act, 5 U.S.C. § 500 *et seq*. *See* Mot. Writ of Mandamus at 10–11. The Court now considers Respondents' motion to dismiss for lack of jurisdiction under 28 U.S.C. § 2241.

## **Standard of Review**

When a court reviews a motion to dismiss a complaint filed by a *pro se* litigant, the complaint is "to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Additionally, upon review of a motion to dismiss for lack of jurisdiction, a court may consider materials outside of the pleadings. *See Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005); *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). Bearing these standards in mind, the Court considers whether it has jurisdiction over this case.

**Discussion**

As a preliminary matter, although Petitioner has titled his complaint as a motion for a writ of mandamus, it is in essence a petition for a writ of habeas corpus, because Petitioner has expressly stated that he "seeks relief under 28 U.S.C. § 2241," the federal habeas statute. *See* Pet.'s Mot. Issuance of a Writ of Mandamus at 4. Moreover, in the body of his motion, Petitioner himself refers to the motion as a "petition for a writ of habeas corpus." Mot. Writ of Mandamus at 10. The Court will therefore treat the motion as a petition for a writ of habeas corpus in all regards. *See Clayton v. United States Army*, 2009 WL 4159260, at *1 (W.D. Ky. 2009) (recharacterizing a *pro se* military prisoner's petition for a writ of mandamus as a writ for habeas corpus); *see also Monk v. Secretary of the Navy*, 793 F.2d 364 (D.C. Cir. 1986) (recharacterizing a civil action as a habeas petition when the substance of the action was a request for habeas relief).

The judicial power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2241, which may be used to challenge continuation of parole. *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998). Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court has "jurisdiction" within the meaning of 28 U.S.C. § 2241(a) only if the petitioner's custodian is within the court's territorial jurisdiction. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). As the jurisdiction referred to in § 2241(a) is a matter of "territorial jurisdiction," it is essentially a matter of proper venue, rather than an issue of subject-matter jurisdiction. *See Moore v. Padilla*, 368 F.3d 757, 759–60 (7th Cir. 2004).

Because the jurisdictional requirement of 28 U.S.C. § 2241 turns on the location of Petitioner's "custodian," the key issue here is whether Petitioner's custodian is the USPC, which has a supervisory office located within the territorial jurisdiction of this Court, or the NCPB, which does not. In identifying the custodian of a petitioner in physical custody, courts require the petitioner to "name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). "This rule, derived from the terms of the habeas statute, serves the important purpose of preventing forum shopping by habeas petitioners. Without it, a prisoner could name a high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction. The result would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdiction limitation." *Id.* When a petitioner is on parole, however, his custodian is the parole board, which has the authority to impose conditions on his release. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Thus, the geographical location of the parole board determines which judicial district has jurisdiction of a given parolee's habeas petition under 28 U.S.C. § 2241, and the parolee's actual residence is irrelevant. *Id.* at 243–44.

In this case, the NCPB has control over the conditions of Petitioner's parole, whereas the USPC merely oversees Petitioner's parole in a supervisory capacity. The NCPB is therefore Petitioner's sole custodian within the meaning of 28 U.S.C. § 2241(a). *See Miller v. Sangiacomo*, No. 10-CV-169A, 2010 WL 3749065, at *3 (W.D.N.Y. Sept. 20, 2010) (reviewing the habeas petition of a former member of the Air Force who had been convicted by general court-martial and finding that the petitioner's sole custodian was the Air Force Clemency and Parole Board and not the USPC, regardless of the fact that the USPC supervised the petitioner's

parole). Notably, this conclusion is consistent with the guidelines set forth in the USPC's own Rules and Procedures Manual.[1] *See* Def.'s Mem. Supp. Mot. Dismiss, Ex. G, USPC Rules and Procedures Manual, § 2.43-04 ("If the releasee is serving a sentence under the Uniform Code of Military Justice (UCMJ), early termination by the [USPC] is not authorized. Early termination of a UCMJ sentence is a clemency action reserved by law to the appropriate military clemency board.").

Because the NCPB, which is located in the District of Columbia, is Petitioner's sole custodian, the only district court with jurisdiction over this case is the United States District Court for the District of Columbia. *See Miller*, 2010 WL 3749065 at *4 (finding that the only district court with jurisdiction to hear the petitioner's habeas case was the United States District Court for the District of Maryland, where the petitioner's custodian, the Air Force Clemency and Parole Board, was located). "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action could have been brought at the time it was filed or notice." 28 U.S.C. § 1631. After such a transfer, an action "shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.

Because the Court lacks jurisdiction over this case under 28 U.S.C. § 2241, and because it is in the interest of justice to transfer Petitioner's *pro se* case, rather than to dismiss it outright, the Court transfers this case under 28 U.S.C. § 1631 to the United States District Court for the District of Columbia, the only court "in which the action . . . could have been brought at the time

---

[1] The Court has discretion to take judicial notice of the USPC Rules and Procedures Manual, because it is a document of public record. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). *See also Shaw v. Lopez*, No. 304-CV-787-WWE, 2004 WL 1396698, at *4 (D. Conn. June 17, 2004) (taking judicial notice of the USPC Rules and Procedures Manual).

it was filed or noticed." *Cf. Miller*, 2010 WL 3749065 at **4–5 (finding that transfer of a habeas case brought by a court-martial convict challenging conditions of his parole was in the interest of justice, and transferring the case to the district in which the petitioner's military parole board was located).

## **Conclusion**

For the reasons stated herein, the Court finds that it lacks jurisdiction over this case under 28 U.S.C. § 2241, and the Clerk of the Court is directed to transfer this case forthwith to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631. Defendants' motion to dismiss [25] is stricken without prejudice. Civil case terminated.


**SO ORDERED**            **ENTER:** 9/16/14

                                        **JOHN Z. LEE**
                                        **United States District Judge**